OPINION
Defendant-appellant, Mitch Mongold dba Economy Pest Control, appeals the decision of the Clinton County Court of Common Pleas to award damages in the amount of $12,500 to plaintiffs-appellees, Herman L. Croucher, Deborah K. Croucher, and Herman and Juanita Croucher. We affirm the decision of the trial court.
On or about August 11, 1992, appellees entered into a contract to purchase a residence from Michael and Patti J. Steele ("sellers"). Appellant was hired by the sellers to conduct a termite inspection before the purchase contract was signed. According to appellant, the sellers were interested in active termite infestation and appellant only observed past termite infestation. Accordingly, he told the sellers his first inspection produced negative results (i.e., no active termite infestation). Appellant testified that he noticed past termite infestation, but could see repairs had been attempted to damaged sill plates. However, appellant admitted that he could not determine if the repairs were wholly adequate to solve the problem because construction was not appellant's area of expertise.
A second termite inspection needed to be conducted in order to satisfy the bank which was financing the house sale. An employee of appellant conducted the second inspection and reported no active termite infestation. Appellant reviewed and signed the pest control report.
The pest control report of September 9, 1992 stated as follows:
 This will certify as of this date that based on careful visual inspection of accessible areas and on sounding of accessible structural members, there is no evidence of termite, or other wood destroying insect infestation in the subject property, it has been alternatively corrected or fully disclosed as follows.
Beneath this paragraph is a series of options which the inspector can check. Included in these options is paragraph D., which states that "[v]isible evidence of previously treated infestation which is now inactive was observed." Appellant did not check paragraph D or any of the other options.
After the closing, appellees noticed that a bathroom toilet leaned and was easily moved. Upon investigation, appellees eventually found damage to sill plates in the bathroom and the living room as well as extensive damage to the porch. The evidence suggested that damage to the bathroom and porch may have been at least partially due to water, not termite damage. Due to the expense of repairs, appellees filed a complaint against the sellers, the sellers' real estate agent and appellant.
After a bench trial, the trial court found that, inter alia, appellant was liable for negligent misrepresentation by failing to disclose structural damage to the living room caused by past termite infestation. Appellees were awarded damages in the amount of $12,500. From this decision, appellant filed a timely notice of appeal and asserts two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT/APPELLANT, MITCH MONGOLD, NEGLIGENTLY MISREPRESENTED THE CONDITION OF THE PREMISES.
The elements of negligent misrepresentation are as follows: "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Emphasis added.)Delman v. Cleveland Heights (1989), 41 Ohio St.3d 1, 4, citing 3 Restatement of the Law 2d, Torts (1965), 126-127, Section 552(1). Appellant argues that in order to prove negligent misrepresentation, a plaintiff must show what a professional pest control agent would do under the circumstances. Appellant cites Bruni v.Tatsumi (1976), 46 Ohio St.2d 127, a case concerning the standard of care for specialists in medical malpractice cases. To the extent appellant is arguing expert testimony is required to prove negligent misrepresentation by a pest control agent, we reject this notion.[1] This case does not concern any remotely technical aspect of appellant's work that would require expert testimony. The question is considerably more fundamental and within the understanding of a trier of fact without the benefit of an expert. See Evid.R. 702(A). Did appellant negligently misrepresent to appellees, through a written pest control report, that there was no past termite damage, and did appellees justifiably rely on this report to their detriment when the purchased the sellers' home? The answer requires an application of the elements of negligent misrepresentation to the written termite inspection report signed and approved by appellant.
Appellant argues that since he concluded that the prior termite damage had been "alternatively corrected," there was no need to check any of the options on the pest control report. We disagree. Appellant testified that he could not say whether the repairs were done properly and/or completely. However, the phrase "alternatively corrected" clearly refers to repairs that solve the problem of past termite infestation. At the least, paragraph D should have been checked by appellant to reflect damage from past termite infestation. Based on this record, a trier of fact easily could have concluded that appellant misled appellees to believe the house did not have substantial structural damage due to past termite infestation, and that in reliance on this erroneous impression, appellees purchased the house.
Competent, credible evidence supports the trial court's conclusion that appellant negligently misrepresented to appellees that the house did not have significant structural damage in the living room due to past termite infestation. C. E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Thus, the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING DAMAGES TO BUYER WHICH EXCEEDED THE EVIDENCE PRESENTED.
In appellant's second assignment of error, he argues that the trial court's award of $12,500 to appellees is not supported by the record. The trial court concluded that the evidence showed that the only damage proven to be the result of past termite infestation was to the living room and proceeded to review the testimony on evaluating damages. Jesse Smith, a contractor, estimated that it would cost $10,000 to $15,000 to repair the house, including the porch and a new bathroom floor. John Fox, another contractor, testified that repairs to the house would cost $22,500, but his estimate went beyond the termite damage charged to appellant. A third contractor, John Stanforth, testified that the old floor joists could be reinforced for $900.
The trial court had three different estimates available and made a decision as to a reasonable amount of damages. The trial court found that reinforcing the floor joists was insufficient to adequately repair the damage. Therefore, the $900 estimate was inadequate. The $12,500 damage award was less than the $22,500 estimate by Fox and within the range of Smith's estimate. In reviewing the entire judgment entry, we find that the trial court restricted the damages assessed to reflect only the termite damage to the living room. Thus, we find the evidence of damages reasonably certain as a matter of law. See Textron Fin. Corp. v.Nationwide Mut. (1996), 115 Ohio App.3d 137, 144, discretionary appeal not allowed (1997), 78 Ohio St.3d 1425 (damages for breach of con tract must be proven with reasonable certainty). Moreover, since the trial court's decision is supported by competent, credible evidence, we have no basis to substitute our interpretation of the facts. C. E. Morris at syllabus. Accordingly, the second assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] Expert testimony was apparently presented in Davidson v.Cherry, (Jan. 7, 1985), Butler App. No. CA84-04-051, unreported, another termite infestation case. However, the opinion does not indicate that expert testimony was required to prove negligent misrepresentation. Moreover, Davidson appears to be more concerned with how the inspection was conducted. In this case, the key issue is whether appellant fully disclosed all material information in the inspection report.